UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Brad Lodholtz and Courtney Lodholtz,<br><br>    Plaintiffs,<br><br>v.<br><br>Continental Resources, Inc.,<br><br>    Defendant. | Case No.: 4:15-cv-00116<br><br>**Continental Resources, Inc.'s Memorandum in Response and Opposition to Plaintiffs' Motion for Recovery of Costs** |

## INTRODUCTION

Defendant Continental Resources, Inc., submits this Memorandum in response and opposition to Plaintiffs' Motion for Recovery of Costs (Doc. # 72). Defendant does not challenge the sums Plaintiffs seek for the cost of deposition transcripts (totaling $2,613.76) or for witness fees, airfare and preparation of trial exhibits (totaling $ 1,725.01). But Defendant does challenge the sum Plaintiffs seek for reimbursement of copying charges, in the sum of $4,108.95. For the reasons more fully set forth below, Defendant believes the entire amount sought for copying is not sufficiently documented, described or itemized under 29 U.S.C. 1920 (4). Consequently, Defendant respectfully asks that this amount be excluded in its entirety. Alternatively, this amount must be substantially reduced, because $1,150.50 of the charges were supposedly incurred before the present lawsuit was commenced, and the $.25 per page cost of the remainder of the charges should be reduced to $ .10 per page.

## ANALYSIS

Plaintiffs seek reimbursement of copying charges in the sum of $4,108.95. *See* Verified Bill of Costs, Doc. # 72-1, p. 4. Under 29 U.S.C. 1920 (4). This sum (comprising

1

nearly half of the total amount sought, of $ 8,447.72) is supported only with by a list of the number of copies incurred on several specified dates, at the rate of $ .25 per page. *See id.* As to all copy costs sought, Plaintiffs simply assert that they were "directly related to depositions and trial." *See* Plaintiffs' Motion for Recovery of Costs, Doc. # 72, p. 4.

### A.  The Court should exclude all copy costs for lack of necessary detail.

The prevailing party may recover the cost of recovering "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 29 U.S.C. 1920 (4). Copying costs may be disallowed, however, where they are insufficiently described for purposes of the statute, and thus not "documented or itemized in such a way that the Court can meaningfully evaluate the request." *Chavis Van & Storage of Myrtle Beach v. United Van Lines,* LLC, 2014 WL 1729152 * 1 (E.D. Mo. May 1, 2014) (citing *Yaris v. Special Sch. Dist. of St. Louis County*, 604 F. Supp. 914, 915 (E. D. Mo. 1986). In *Chavis*, the U.S. District Court for the Eastern District of Missouri disallowed all of the costs requested by the prevailing party, concluding that "[w]ithout any description of why these charges were incurred, I have no way of determining whether these copying expenses were 'necessarily obtained for use in the case,' or were just for the convenience of the parties and counsel." 2014 WL 1729152 * 1. In so doing the *Chavis* court noted that in other cases where copying charges were allowed, the requesting party provided detail for each amount sought, such as like "copying charges of exhibits in support of motion for sanctions," or "exhibits in reply to plaintiff's opposition to motion for summary judgment." *Id.*

2

The court's decision in *Chavis* was based on its earlier decision in *Emmenegger v. Bull Moose Tube Co.,* 33 F. Supp. 2d 1127, 1133-34 (E.D. Miss. 1998), where it disallowed plaintiff's entire request for copying charges under 29 U.S.C. 1920 (4), because the prevailing party failed to properly segregate and describe these costs. In so doing the court found that while plaintiffs could legitimately recover amounts paid to others for production of documents, or could charge their own photocopy expenses for copying "the numerous exhibits that they introduced at trial," they "may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case." *Id.* at 1133; *accord Hannan v Auto-Owners Ins.* Co., 2014 WL 5148187 (E. D. Mo. Oct. 14, 2014).

In the present case, Plaintiffs' counsel only generically describes the over $4,000 sought for "copying charges" as "necessarily incurred in preparation of depositions and trial." But there is no detail, whatsoever, as to what each of the charges were related to, and why. This lack of detail, alone, warrants disallowance of all copying charges requested. *See Emmenegger,* 33 F. Supp. 2d at 1133.

**B. Alternatively, the amount sought for copy charges should be reduced by excluding charges allegedly incurred in 2014, as well as reducing the per-page cost.**

Alternatively, the Court must disallow all of the charges as incurred between January 28, 2014 and June 19, 2014, totaling $1,150.50, because the lawsuit was not commenced until on or after June 29, 2015. *See* Notice of Removal (attaching

3

Summons and Complaint), Doc. # 1. Accordingly, these 2014-related costs could not have been related to depositions or trial. Indeed, Plaintiffs' bill of costs concerning deposition transcripts shows that relevant depositions were not taken until mid-2016. *See* Verified Bill of Costs, Doc. # 72-1, p. 2. And trial did not commence until July, 2017. Consequently, none of the copying charges Plaintiffs claim to have incurred between January, and June, 2014 (in the amount of $1,150.50) could possibly have been "directly related to depositions and trial." They must therefore be excluded.

Finally, Plaintiffs request an across-the-board per-page charge of $ .25. The general rule is that a statutory award of fees may include "reasonable out-of-pocket expenses incurred by an attorney which typically would be charged to a fee-paying client." *See Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 955 (S.D. Iowa 2005) (citations omitted); *see also International Woodworkers of Am., AFL–CIO v. Donovan*, 792 F.2d 762 (9th Cir.1985) (recognizing ability of prevailing party to recover costs "ordinarily billed to a client"). For example, in *Hite*, the U.S. District Court for the District of Iowa found a $ .25 per page copying cost "excessive," and reduced it to $ .15 per page. See 361 F. Supp. 2d at 956.

Here, Plaintiffs do not include any information substantiating the proposition that their counsel routinely charges clients $ .25 per page for copies. But Defendant herein submits the Affidavit of John C. Hughes, who avers that in his 25 years of representing defendants in civil litigation matters, the typical approved charge for fee-paying clients is $ .10 per page. Consequently Defendant takes the position that when the 2014 costs for copying are properly excluded, the remainder of the copies—totaling 11,807—be reimbursed at $ .10 per page, yielding a cost recovery amount of $1, 180.70.

4

**CONCLUSION**

For the reasons more fully set forth above, Defendant Continental Resources, Inc. respectfully submits that in determining Plaintiffs' Motion for Recovery of Costs, the Court should reduce the amount sought by $4,108.95, representing copy charges that are insufficiently described for the Court to discern whether they were actually necessarily incurred in preparation of either depositions or trial. Alternatively, Defendant asks that the amount sought for copying charges be reduced by $1,150.50, because those sums were clearly incurred before the present case was commenced; and asks that the remainder (totaling 11,807 pages) be compensated at a per-page cost of $ .10 per page, yielding the sum of $ 1,180.70.

Respectfully submitted,

    Dated: October 24, 2017

                                      MEAGHER & GEER, P.L.L.P
                                      *Attorneys for Continental Resources, Inc.*
                                      1900 Burnt Boat Drive, Suite 101
                                      Bismarck, ND   58503
                                      Ph:  701.222.1315

                              BY:   */s/ John C. Hughes*
                                    John C. Hughes (ND ID# 06001)
                                    jhughes@meagher.com
                                    Nicholas J. O'Connell (ND ID# 06251)
                                    noconnell@meagher.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, the foregoing document was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Ian Ronald McLean - imclean@serklandlaw.com
Joseph A. Wetch , Jr - jwetch@serklandlaw.com
Ronald H. McLean – rmclean@serklandlaw.com
Peter W. Zuger – pzuger@serklandlaw.com

*Attorneys for plaintiffs*

Dated: October 24, 2017.

    */s/ John C. Hughes*
John C. Hughes, ND ID# 06001

11816757.1