IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brad Lodholtz and Courtney Lodholtz,<br><br>　　　　　　　Plaintiffs,<br><br>　　-vs-<br><br>Continental Resources, Inc.,<br><br>　　　　　　　Defendant. | Case No.  4:15-cv-116<br><br>**ORDER ON PLAINTIFFS'<br>REQUEST FOR TAXATION<br>OF COSTS** |

Following 6 days of trial in this personal injury action, the jury returned a verdict awarding Plaintiff Brad Lodholtz the following damages: $546,000 for past economic damages; $3,700,000 for future economic damages; $1,000,000 for past non-economic damages; and $1,000,000 for future non-economic damages.[1]  The jury awarded Plaintiff Courtney Lodholtz the amounts of $500,000 for past damages and $1,750,000 for future damages.[2]  The jury attributed 72.5% of the fault to Defendant Continental Resources, Inc. ("Continental Resources") and the remaining 27.5% to Brad Lodholtz.  The court entered an amended judgment in favor of the plaintiffs on October 5, 2017.[3]

The plaintiffs now move for an award of costs in the total amount of $8,447.72 under Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920.[4]  Continental Resources has filed objections.[5]  The court, for the reasons that follow, finds that the amount to be taxed in favor of the

---

[1] Doc. #56.

[2] Id.

[3] Doc. #65.

[4] Doc. #72.

[5] Doc. #74.

1

plaintiffs is $5,881.67.

The requested costs and fees are broken down as follows:

| B. Koskovich & T. Butts deposition | $826.95 |
|---|---|
| B. Lodholtz & C. Lodholtz deposition | $496.26 |
| J. Jones deposition | $382.55 |
| L. Ginger deposition | $908.00 |
| Subtotal: | $2,613.76 |
| J. Jones witness fee | $65.00 |
| J. Jones travel expenses | $1,135.60 |
| Subtotal: | $1,200.60 |
| Costs of exhibits | $524.41 |
| Photocopy costs | $4,108.95 |
| **TOTAL** | **$8,447.72** |

Continental Resource's only objections pertain to the photocopy costs. The court has reviewed the other requested costs and fees and finds them to be reasonable and taxable and will so direct the Clerk to enter judgment for the deposition costs, witness fee and travel expenses, and costs of exhibits.

With regard to the photocopy costs, Continental Resources seeks to exclude taxation of these costs entirely on the ground that the plaintiffs have not sufficiently documented, described, or itemized the costs, as required in § 1920. If not entirely excluded, Continental Resources contends that $1,150.50 of the requested costs were incurred before the lawsuit was commenced and that regardless of the number of pages allowed, the amount should be reduced to $.10 a page rather than $.25 per page.

In response to Continental Resource's objections, the plaintiffs assert that

approximately 45% (7,286 pages) of copying charges were incurred to copy the medical records – either from the medical provider or to provide to a retained expert or consultant, and the remaining 55% (9,000 pages) were to copy trial exhibits and binders for trial.

Section 1920(4) allows "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The medical records obtained or provided to a consultant before commencement of the trial were necessary for use in the case. There is no limitation in the statute that precludes the recovery of costs incurred before commencement of the action.

With regard to the per page cost of $.25, this court has noted the wide range of approved copying charges across the country – from $.25 per page on the high end to one case limiting recovery to $.05 per page for high-volume copying.[6] Although the plaintiffs are entitled to reimbursement for copies, in its discretion, the court will only allow the plaintiffs to recover costs at the more reasonable rate of $.15 per page.[7]

After reviewing the trial exhibits presented, it appears the plaintiffs, by seeking reimbursement for 9,000 pages of "trial exhibits and exhibit binders," are seeking to tax multiple copies of the same exhibits. Copies made for counsel's convenience are not recoverable under the statute because they are not copies of papers "necessarily obtained for use in the case." The court will allow taxation of 3,000 pages, as that appears more closely aligned with the number of exhibits presented at trial. In total, the court will allow

---

[6] Roemmich v. Eagle Eye Development, LLC, No. 1:04-cv-079, 2006 WL 3833433, *6 n.3 (D.N.D. 2006).

[7] Id.; Wishnewski v. Champion Healthcare Corp., No. A3-96-72, 2001 WL 627427 (D.N.D.2001), vacated on other grounds, Reimer v. Champion Healthcare Corp., 258 F.3d 720 (8th Cir. 2001).

taxation of 10,286 pages at $.15 per page for a total of $1,542.90.[8]

The plaintiffs' motion for an award of costs[9] is **GRANTED in PART and DENIED in PART**. The Clerk is directed to amend the judgment to reflect taxation of costs in the amount of $5,881.67.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 10th day of May, 2018.

> Sitting by designation:
>
> */s/  Ralph R. Erickson*
> Ralph R. Erickson, Circuit Judge
> Eighth Circuit Court of Appeals

---

[8] In their reply brief, the plaintiffs explained the details of 16,268 photocopies. The court has reduced that number to 10,286. There are additional photocopies and color photocopies listed in the Serkland Law Firm expense statement attached to the initial motion; however, no further details have been provided by the plaintiffs as to those additional photocopies. Being unable to meaningful evaluate whether these additional photocopies were necessary for use in the case, the court declines to tax those costs.

[9] Doc. #140.