UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brad Lodholtz and Courtney Lodholtz,<br><br>                               Plaintiffs,<br><br>     vs.<br><br>Continental Resources, Inc.,<br><br>                               Defendant. | Civil No.: 4:15-CV-116<br><br>**PLAINTIFFS'<br>MEMORANDUM IN RESPONSE TO<br>DEFENDANT'S MOTION TO STAY<br>EXECUTION PENDING APPEAL** |

Continental Resources, Inc. ("Continental") has filed a Motion for Stay of Execution Pending Appeal. Brad Lodholtz ("Brad") and Courtney Lodholtz ("Courtney") do not object to a stay of execution as long as Continental posts a bond.

The posting of a bond to stay collection on an appeal serves a dual purpose. "[I]t is intended to protect an appellant from execution of an adverse judgment during an appeal, as well as to provide assurance to the appellee if thus prevented from collecting on the judgment." Niemi v. Lasshofer, 770 F.3d 1331, 1343 (10th Cir. 2014). Federal courts analyze the following non-exclusive factors to evaluate whether to require the appellant to post a bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

In re Nassau Cty. Strip Search Cases, 783 F.3d 414, 417–18 (2d Cir. 2015).

In this case, Continental has determined to appeal and should have to provide security during the appeal process if it wants to stay collection efforts. The verdict in this case occurred nearly a year ago and resulted in a final judgment in favor of Brad and Courtney in the amount of

$6,165,481.57.  (Doc. #65). The appeal will no doubt delay payment of the judgment by a significant amount of time.

The SEC filings Continental cites show Continental has $6.4 Billion of outstanding long-term debt at a 4.5% interest rate.  Continental is an oil company, and the oil industry can be volatile. Large businesses have financial problems all the time as well.  It is less than clear what Continental's financial position truly is given the large amount of debt it has, and there is no way of knowing what Continental's financial position will be when the appeal is final.  There is no reason that Brad and Courtney should have to bear the risk the oil economy changes between now and the decision on appeal and bear the risk that Continental will not be able to pay the judgment in this case.

With the amount of debt Continental has, it is clear that collection will be incredibly complicated in this case and time-consuming.  It is also clear Brad and Courtney will not receive payment on the judgment for a long time due to Continental's decision to appeal this matter.   A bond is the only adequate security that will ensure that Brad and Courtney will in fact be paid for the judgment in this case once an appeal is finalized.  Continental is the party that has determined to appeal and should face the consequences of appealing by posting a bond to prevent collection.

This is not a case where a small judgment was entered.  This is a case where a $6,165,481.57 judgment has been entered (Doc. # 96), and Continental should have to post a bond to secure the judgment if Continental wants to stay collection efforts.  The prejudice to Continental in having to post a bond to secure the judgment and stay any collection efforts in this case is minimal compared to the risk that Brad and Courtney will never be able to be paid for the significant judgment they received in this case.  If Continental does not post a bond, Brad and Courtney, through no fault of their own, will continue to face the risk that Continental will never

2

pay for the $6,165,481.57 judgment and will never pay for the significant injuries that Continental caused Brad and Courtney in this case.  Brad and Courtney should either be entitled to start collecting on this judgment, or Continental should have to post a bond if it wants to stay any collection efforts during the appeal in this case.

Brad and Courtney respectfully request this Court require Continental post a bond to stay collection efforts on this matter.

Dated this 28<u>th</u> day of June, 2018.

/s/ Peter W. Zuger
Ronald H. McLean (#03260)
Joseph A. Wetch, Jr. (#05788)
Peter W. Zuger (#06282)
SERKLAND LAW FIRM
10 Roberts Street | PO Box 6017
Fargo, ND 58108-6017
Telephone:  (701) 232-8957
rmclean@serklandlaw.com
jwetch@serklandlaw.com
pzuger@serklandlaw.com
ATTORNEYS FOR PLAINTIFFS
Brad Lodholtz and Courtney Lodholtz